[Civ. No. 11892.   Second Appellate District, Division Two.—August 25, 1938.]

STELLA EHRHARDT, Appellant, v. YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF LONG BEACH (a Corporation) et al., Respondents.

Stella Ehrhardt, *in pro. per.*, for Appellant.

J. H. O'Connor, County Counsel, Beach Vasey, Deputy County Counsel, Doyle, Clark & Thomas and H. O. Wallace for Respondents.

CRAIL, P. J.—This is an appeal by the plaintiff from a judgment of nonsuit in favor of the Y. W. C. A. of Long Beach, a corporation, and Martin C. Carter, Virginia J. Glenn and Genevieve Dodge, and from an order denying a motion for a new trial. The case comes before the court at this time upon a motion of the said defendants to dismiss the appeal on the ground that no transcript on appeal has been filed on behalf of appellant and that no proceedings for the preparation of a transcript are pending in the trial court.

A reporter's transcript has not been filed. The defendants furnished the court with a certificate of the county clerk which

states that "Notice of appeal from said judgment was filed by appellant on the 16th day of January, 1936, and appellant did on the 20th day of January, 1936, request the clerk to prepare a transcript under section 953a of the Code of Civil Procedure. No bill of exceptions has been filed. On the 7th day of April, 1936, the Court refused to certify a transcript offered by plaintiff on the ground that such purported transcript was not a true, full or fair transcript of the proceedings had at the trial of said action. On the 16th day of October, 1936, proceedings for the settlement of such transcript were by the plaintiff allowed to go off calendar. On the 21st day of March, 1938, the Court on motion of counsel for defendants, ordered all proceedings for the preparation of a transcript on appeal terminated. No proceedings for the preparation of a bill of exceptions or transcript are now pending before the Court as to the defendants Martin C. Carter, Virginia J. Glenn and Genevieve Dodge."

The matter came before the court for oral argument on July 25th, whereupon the plaintiff filed only the clerk's transcript. The plaintiff filed an affidavit in which she set forth that the proper settlement of the reporter's transcript was made impossible by the illness of the trial judge and by his removal from the trial bench where he had been sitting by order of the judicial council, and in which she states further the facts that "on the 16th day of October, 1935, the court was declared to be seriously ill from pneumonia, and pursuant to the order of the Presiding Judge the matter was taken off calendar until further notice". But she makes no showing of any diligence on her part from that time on. It is necessary for her appeal in this case where nonsuit was granted, when the correctness or incorrectness of granting such nonsuit is the question before this court, that she have a reporter's transcript, and the trial court has terminated all proceedings to obtain one.

Motion to dismiss the appeal is granted.

Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1938.